JILES R. JAMES
v.
LT. BRENT BARR, INFORMANTS #1 AND #2, WARDEN M.J. GUNNELLS, CAPTAIN ALVIN R. WHITSTINE, ARCH B. KENNEDY, CLASSIFICATION OFFICER, DEFENDANTS (A), (B), AND (C).
No. 2008 CA 0799.
Court of Appeal of Louisiana, First Circuit.
October 31, 2008.
NOT DESIGNATED FOR PUBLICATION
JILES JAMES, In Proper Person, Plaintiff-Appellant.
JAMES D. "BUDDY" CALDWELL, Attorney General, ANNETTE R. SENG, Asst. Attorney General, Attorneys for Defendants-Appellees, Lt. Brent Barr, et al.
Before: PARRO, McCLENDON, and WELCH, JJ.
WELCH, J.
Plaintiff, Jiles R. James, appeals a judgment sustaining a peremptory exception of no cause of action and dismissing his lawsuit with prejudice. We reverse and remand.

DISCUSSION
On December 28, 1988, Jiles James, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, filed this tort suit against various prison officials and unnamed individuals seeking damages pursuant to La. C.C. art. 2315 and the Federal Civil Rights Act, 42 U.S.C. § 1983. He alleged that defendants violated his constitutional and civil rights in connection with a disciplinary action in which he was falsely accused and found guilty of drug dealing at the prison facility, which led to his being wrongfully sentenced to extended lockdown for a 42-day period, where he was deprived of numerous privileges and brutally assaulted by another inmate.
The prison official defendants answered and asserted immunity defenses. They also filed a peremptory exception raising the objection of no cause of action. On July 11, 1990, the Commissioner for the 19th Judicial District Court recommended that the exception be denied on the basis that a broad reading of the petition stated a cause of action, noting that plaintiff alleged negligent activity on the part of defendants that caused him injury. The prison official defendants filed another exception of no cause of action in 1999, asserting that they were not liable as a matter of law for monetary damages in their official capacities and were immune from suit in their individual capacities.
On September 6, 2000, the trial court granted the exception of no cause of action, finding the defendants immune from liability on both the federal civil rights and the state negligence claims. In the judgment, the court granted plaintiff 30 days from the date of the judgment to amend his petition to state a cause of action or have his suit dismissed. On October 24, 2000, upon finding that plaintiff failed to amend his petition to state a cause of action, the trial court dismissed plaintiffs suit with prejudice.
On November 15, 2007, plaintiff filed a motion for a devolutive appeal. He asserted that the appeal was timely because he did not receive notice of the court's October 24, 2000 judgment dismissing his appeal. He also asserted that he did not have notice of the trial court's September 6, 2000 judgment ordering him to amend his original petition. In support of this claim, plaintiff submitted the affidavit of Heather Miles, a classification specialist at the Forcht Wade Correctional Facility, who attested that she searched the records that were designated to the receiving and logging of legal correspondence for inmates housed at the facility, the earliest of which dated back to August of 2000. Ms. Miles attested that plaintiff did not receive any legal mail from August 2000 through September of 2007, but did receive a documented legal parcel in mid-October of 2007.
On December 6, 2007, the trial court granted plaintiff's motion for a devolutive appeal.[1] In this appeal, plaintiff seeks reversal of the order dismissing his lawsuit with prejudice, urging that he did not have notice of the September 6, 2000 order giving him 30 days to amend the petition or face dismissal of the lawsuit. In support of his lack of notice claim, he points to Ms. Miles' attestation that he did not receive legal mail from August 2000 through mid-October of 2007.
We believe plaintiff adequately demonstrated that he did not receive notice of the September 6, 2000 judgment in which the trial court granted him the right to amend his petition to state a cause of action. Because plaintiff did not have notice of this judgment, the dismissal of the lawsuit for his failure to amend the petition simply cannot stand. Accordingly, we reverse the judgment dismissing this lawsuit with prejudice, and remand to the trial court to give plaintiff an opportunity to amend his petition to state a cause of action, if possible.

CONCLUSION
For the foregoing reasons, the judgment dismissing this lawsuit with prejudice is reversed. The case is remanded to the trial court for proceedings consistent with this opinion. Costs of this appeal are assessed to the Louisiana Department of Public Safety and Corrections in the amount of $1,147.60.
REVERSED AND REMANDED.
NOTES
[1] The prison official defendants did not file a brief in response to plaintiffs appeal.